# Beardslee, Appellant, *v.* Shickler.

*Corporations—Capital stock—Indebtedness—Subsequent creditor.*

Where a corporation in dealing with its stockholders and creditors in good faith, reduces its liabilities $27,500 at a cost of less than $5,000 in reduction of real estate which is not needed in the operation of its plant, a subsequent creditor cannot complain that the transaction involved a reduction or impairment of capital stock which affected his rights.

Argued Oct. 19, 1907. Appeal, No. 189, Oct. T., 1907, by plaintiff, from decree of C. P. Jefferson Co., Aug. T., 1907, No. 3, dismissing bill in equity in case of C. A. Beardslee, Trustee in Bankruptcy of the Brookville Woolen Mills, v. George H. Shickler et al. and Emmet Queen, Guardian for Ruth and Bessie Q. Heidrick. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity to cancel a mortgage.

From the record it appeared that the mortgage in question was given by the Brookville Woolen Mills to the defendants, and was for the sum of $25,000. Prior to the creation of the mortgage the corporation was largely in debt. By an arrangement among the stockholders this debt was paid off, and in the transaction some real estate which was not needed in the operation of the plant was conveyed to other parties. The court below found as a fact that there was no fraud in the transaction, and that, at the time, the corporation did not contemplate contracting any debts to the complainant or others. About a year after the execution of the mortgage the corporation became insolvent and was put into bankruptcy.

The court in an opinion by REED, P. J., dismissed the bill.

*Error assigned* was decree dismissing the bill.

*S. Leo Ruslander*, of *Weil & Thorp*, and *Edward A. Carmalt*, with them *N. L. Strong* and *W. N. Conrad*, for appellant.

*Charles Corbet*, with him *Wm. M. Hall, O. P. Metcalf, C. Z. Gordon* and *A. L. Cole*, for appellee.

PER CURIAM, November 4, 1907 :

The learned judge below summed up his findings of facts and law in these words : ".There was no reduction or impairment of capital stock by reason of the transactions sought to be called in question. It would be a new application of equitable principles that would condemn, upon the suggestion of subsequent creditors, those transactions of a corporation which had for their object, and which in fact did improve the financial condition of the corporation by reducing its liabilities $27,500 at a cost of less than $5,000, in reduction of real estate which was not needed in the operation of its plant. No elaboration of this statement of the facts can add to its potency in passing upon the merits of the case, and the legal effect of it is to entirely sweep away the equitable grounds on which the plaintiff bases his right to relief."

On this finding the decree is affirmed.